IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONE ENGINEERING SERVICES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-00225-N |
| SRM CORPORATION, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant SRM Corporation d/b/a Sage Risk and Insurance Management's ("Sage") motion to dismiss or abate [19].  Because Plaintiff Rone Engineering Services, LLC f/k/a Rone Engineering Services, LTD ("Rone") pled facts sufficient to state a claim, the Court denies the motion to dismiss.  Further, because Rone did not comply with the Texas Deceptive Trade Practices-Consumer Protection Act's pre-suit notice requirement, the Court grants the motion to abate and abates the case for sixty days.

## I. THE INSURANCE BROKERAGE DISPUTE

Sage has been Rone's primary insurance broker for several years.  Pl.'s Am. Compl. ¶ 6 [11].  Rone alleges that in 2021, Sage agreed to acquire and maintain insurance coverage, including workers' compensation ("WC") coverage, for Rone.  *Id.* ¶ 7.  Rone further alleges that Sage unequivocally represented to Rone numerous times between 2021 and 2022 that Sage had in fact acquired the WC coverage, including by providing Rone

MEMORANDUM OPINION AND ORDER – PAGE 1

with a Certificate of Liability Insurance.  *Id.* ¶¶ 7–8.  Rone claims that it "reasonably and justifiably relied on Sage's representation(s)" that Sage had obtained the WC coverage.  *Id.* ¶ 8.

In mid-2021, a Rone employee named Heriberto Rodriguez was injured on the job. *Id.* ¶ 9.  About a year later, Rodriguez sued Rone over his injuries (the "Rodriguez Suit"). *Id.*  Rone reported the Rodriguez Suit to Sage and demanded coverage from the WC insurance carrier for the cost of defending itself, but no WC insurance carrier responded to Rone's demand.  *Id.*  Rone alleges that "Sage repeatedly promised Rone that it would determine why the WC carrier was not responding to the request for coverage."  *Id.*  Rone defended the Rodriguez Suit at its own cost with the expectation that the WC insurance carrier would later reimburse it.  *Id.*  However, Rone alleges that in Spring 2023, Sage's President told Rone that, "although Sage believed that it had obtained WC coverage for Rone, it had not actually done so."  *Id.* ¶ 10.  After finding this out, Rone settled with Rodriguez.  *Id.* ¶ 11.

Rone sued Sage in Texas state court in December 2023 over Sage's alleged misrepresentations regarding procuring WC coverage.  Pl.'s Orig. Pet. 1 [1-3].  Sage then removed the case to this Court.  Notice of Removal 1 [1].  Rone's claims against Sage include breach of contract, promissory estoppel, negligence, negligent misrepresentation, violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and violations of the Texas Insurance Code.  Pl.'s Am. Compl. ¶¶ 14–26.  Sage now seeks dismissal of all Rone's claims.  Def.'s Mot. Dismiss 11 [19].  Alternatively, Sage requests

MEMORANDUM OPINION AND ORDER – PAGE 2

that the Court abate the case for sixty days because Rone has not complied with the DTPA's pre-suit notice requirement. *Id.*

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

Further, a "Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977). A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986). Thus, a "statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007).

### III. THE COURT DENIES SAGE'S MOTION TO DISMISS

#### A. The Texas Anti-Fracturing Rule Does Not Preclude Rone's Claims

Sage asserts that the Texas anti-fracturing rule precludes all Rone's claims other than its negligence claim. Def.'s Mot. Dismiss 3–5. The Court rejects this argument. "The anti-fracturing rule prevents plaintiffs from converting what are actually professional negligence claims against an attorney into other claims . . . ." *Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App. — Dallas 2010, pet. denied) (citation omitted). Texas state courts have held that the anti-fracturing rule also applies to claims against accountants. *See, e.g.*, *Rivas v. Pitts*, 684 S.W.3d 849, 865 (Tex. App. — Dallas 2023, pet. granted) (mem. op.) (dismissing contract claim against accountant under anti-fracturing rule); *J.A. Green Dev. Corp. v. Grant Thornton, LLP*, 2016 WL 3547964, at *8 (Tex. App. — Dallas

MEMORANDUM OPINION AND ORDER – PAGE 4

2016, pet. denied) (mem. op.) (dismissing fraud and fiduciary duty claims against accountant under anti-fracturing rule).  However, Sage acknowledges that no Texas state court has applied the anti-fracturing rule to claims against insurance brokers.  *See* Def.'s Mot. Dismiss 4 n.1.  And the Southern District of Texas rejected the argument that the anti-fracturing rule is "determinative on a Rule 12(b)(6) question in a claim against an *insurance agent and agency*."  *Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, 2012 WL 2499932, at *6 (S.D. Tex. 2012) (emphasis in original).

Accordingly, the Court declines to extend the anti-fracturing rule to claims against insurance brokers.  Thus, the Court holds that the Texas anti-fracturing rule does not preclude Rone's claims.

### B.  The Discovery Rule Tolls the Statute of Limitations

Sage argues that Rone's negligence, negligent misrepresentation, DTPA, and Insurance Code claims are time barred.  Under Texas law, these claims each have a two-year statute of limitations.  *See, e.g.*, *LaRue v. GeneScreen, Inc.*, 957 S.W.2d 958, 960 (Tex. App. — Beaumont 1997, pet. denied) (negligence); *Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 303 (Tex. App. — Fort Worth 1991, pet. denied) (negligent misrepresentation); TEX. BUS. & COM. CODE § 17.565 (DTPA); TEX. INS. CODE § 541.162 (Insurance Code).  Sage asserts that these claims accrued on January 25, 2021 — when Sage provided the Certificate of Liability Insurance to Rone.  Def.'s Mot. Dismiss 5–8.  Rone contends that the discovery rule defers the accrual date of its claims.  Pl.'s Resp. 4–7 [20]; Pl.'s Am. Compl. ¶ 27 ("Rone pleads that any applicable statute of limitations . . .

are, under Texas law, tolled by the discovery rule and/or by Sage's fraudulent concealment . . . .").

The discovery rule provides a "very limited exception to statutes of limitations" by tolling the limitations period "until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (citations omitted). This exception "applies in cases of fraud and fraudulent concealment, and in other cases in which 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (quoting *Altai*, 918 S.W.2d at 456). "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996)).

The Court finds that the discovery rule defers accrual of Rone's claims. Rone pleads that Sage unequivocally represented on numerous occasions that it had acquired WC coverage for Rone. Pl.'s Am. Compl. ¶ 7. Further, Rone alleges that in response to Rone notifying Sage of the Rodriguez Suit in June 2022, Sage repeatedly promised Rone that it would determine why the WC insurance carrier had not responded to the claim. *Id.* ¶ 9. Sage itself either did not discover or hid from Rone that it had not acquired WC coverage for Rone until Spring 2023. *Id.* ¶ 10. Accordingly, Rone likely could not have discovered its injury — that Sage had not acquired the WC coverage — until sometime between June 2022 and Spring 2023. And Rone sued Sage within two years of June 2022. *See* Pl.'s

MEMORANDUM OPINION AND ORDER – PAGE 6

Orig. Pet. 1; Pl.'s Am. Compl. 1.  Sage relies on *Via Net v. TIG Insurance Co.*, 211 S.W.3d

310 (Tex. 2006) in arguing that the discovery rule does not apply to Rone's claims, but *Via

Net* does not support that.  In *Via Net*, the Texas Supreme Court held that the discovery

rule did not apply to the plaintiff's contract claim.  211 S.W.3d at 314–15.  Here, in

contrast, Sage argues that the discovery rule does not apply to Rone's negligence, negligent

misrepresentation, DTPA, and Insurance Code claims — not its contract claim.

Accordingly, *Via Net* does not apply here.  Thus, because Rone's pleadings support that

that its injury was either inherently undiscoverable or fraudulently concealed by Sage, the

Court holds that the discovery rule tolls limitations on Rone's claims.

### C.  Rone Sufficiently Alleges Consideration Supporting a Contract

Rone met its burden of pleading consideration in support of its breach of contract

claim.  Under Texas law, for a "contract to be valid, it must be supported by consideration."

*Eurecat U.S., Inc. v. Marklund*, 527 S.W.3d 367, 387 (Tex. App. — Houston [14th Dist.]

2017, no pet.) (citations omitted).  "Consideration is a present exchange bargained for in

return for a promise."  *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 496 (Tex.

1991).  It "consists of either a benefit to the promisor or a detriment to the promisee."  *Id.*

Rone alleges that it agreed to pay Sage "group insurance premiums" in exchange for Sage

"acquir[ing] and maintain[ing] for Rone the appropriate insurance coverage for its

business, including WC coverage."  Pl.'s Am. Compl. ¶¶ 7, 14.  This is a bargained-for

exchange and thus constitutes consideration.  Sage argues that Rone does not plead

consideration because Rone alleges that Sage did not acquire the WC coverage.  Def.'s

Mot. Dismiss 8.  However, Sage's alleged failure to acquire the WC coverage speaks to

MEMORANDUM OPINION AND ORDER – PAGE 7

the issue of contract performance, not formation.  As such, Rone adequately pleads the consideration element of its breach of contract claim.

### D.  Rone May Plead Promissory Estoppel as an Affirmative Cause of Action

Sage argues that the Court should dismiss Rone's promissory estoppel claim because there is a split among Texas courts over whether promissory estoppel can be an affirmative cause of action. Def.'s Mot. Dismiss 9–10.  However, the Northern District of Texas recognizes that although "normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to her detriment on an otherwise unenforceable promise." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) (citing *Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex. App. Eastland — 1994, pet. denied); *Kelly v. Rio Grande Computerland Grp.*, 128 S.W.3d 759, 769 (Tex. App. El Paso — 2004, no pet.)).  Accordingly, the Court holds that Rone may plead promissory estoppel as an affirmative cause of action.

### E.  Rone May Plead Both Breach of Contract and Promissory Estoppel

Sage also moves to dismiss Rone's promissory estoppel claim on the basis that Rone may not simultaneously plead both breach of contract and promissory estoppel.  Def.'s Mot. Dismiss 9.  Although Rone ultimately cannot recover on both the breach of contract and promissory estoppel claims, Rone may proceed with both claims at this stage.

Breach of contract and promissory estoppel claims are mutually exclusive. *See Richter, RMS v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App. — San Antonio 2002, no pet.) ("Promissory estoppel is not applicable to a promise covered by a valid contract between the parties . . . .").  However, Rule 8(d) permits a party to plead "as many separate

MEMORANDUM OPINION AND ORDER – PAGE 8

claims or defenses as it has, regardless of consistency." FED R. CIV. P. 8(d). The Texas case law that Sage cites on the relation of breach of contract and promissory estoppel do not negate this; in fact, these cases tacitly approve of trial courts disposing of the conflicting claims after the pleadings stage concludes. *See Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App. — Austin 2001, no pet.) (affirming dismissal of promissory estoppel claim at final judgment); *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 507 (Tex. App. — San Antonio 2013, pet. denied) (affirming dismissal of promissory estoppel claim on summary judgment). Because Rone may plead inconsistent theories, the promissory estoppel claim remains plausible at this stage.

### IV. THE COURT GRANTS SAGE'S MOTION FOR ABATEMENT

The Texas Deceptive Trade Practices-Consumer Protection Act requires the plaintiff to provide the defendant with written notice of a DTPA claim at least sixty days before filing suit. TEX. BUS. & COM. CODE § 17.505(a); *Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992) ("The notice requirement of the DTPA is clearly mandatory . . . ."). Sage requests that the Court abate the case because Rone did not comply with the pre-suit notice requirement of the DTPA. Def.'s Mot. Dismiss 10. Rone does not oppose abatement. Pl.'s Resp. 9. Accordingly, the Court grants Sage's motion to abate. The Court abates this case for sixty days due to Rone's failure to comply with the DTPA's pre-suit notice requirement.

### CONCLUSION

Because Rone adequately pled its claims for relief against Sage, the Court denies Sage's motion to dismiss. Further, because Rone did not comply with the DTPA's pre-suit

MEMORANDUM OPINION AND ORDER – PAGE 9

notice requirement, the Court grants Sage's motion to abate and abates the case for sixty days.

Signed November 1, 2024.

David C. Godbey
Chief United States District Judge